IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DUSTIN WAYNE COBLE, )
)
Petitioner, )
)
v. )        1:18-CR-203
)        1:19-CV-1146
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION & ORDER

Catherine C. Eagles, District Judge.

In 2018, the petitioner/defendant Dustin Coble pled guilty to possession of a firearm by a felon. In exchange, the government dismissed charges of possession of a stolen firearm and possession of a firearm in furtherance of drug trafficking. Over a year later, after the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Mr. Coble moved to vacate his conviction because he was not advised before pleading guilty that knowledge of his felony status was an element of the firearm charge.

As Mr. Coble did not raise this issue on direct appeal, it is procedurally defaulted unless he can show actual innocence of all the charges he faced, or alternatively, cause and actual prejudice. Even if he could show he did not know of his felon status, the undisputed record establishes that he was guilty of the two dismissed charges, as he knew the firearm was stolen when he possessed it and he bartered the firearm for drugs.

In the absence of any credible reason to believe there has been a miscarriage of justice or that the outcome would have been different if he had been accurately informed

of the *Rehaif* element, Mr. Coble has not overcome his procedural default. His ineffective assistance of counsel contention is also meritless. His motion will be denied.

## I. Background

In 2017, Mr. Coble was convicted of felony larceny for stealing a neighbor's rifle.[1] Doc. 21 at ¶ 34.[2] The indictment and judgment both reflect that the charge was felony larceny. Doc. 49 at 2, 7. The written plea transcript Mr. Coble signed reflected twice that he was pleading guilty to felony larceny, *id.* at 14–15, and included that this crime carried a maximum possible punishment of 39 months. *Id.* at 14.

The Superior Court found that Mr. Coble fell into criminal history category two, *id.* at 7, and sentenced Mr. Coble to a minimum of 6 and maximum of 17 months in state prison. Doc. 21 at ¶ 34. The court suspended Mr. Coble's active sentence and placed him on supervised probation for one year, subject to compliance with various terms and conditions. *Id.*; Doc. 49 at 7–10.

A year later, in 2018, Mr. Coble's same neighbor reported to law enforcement that someone broke into her home, burned the residence, and stole the same rifle. Doc. 21 at ¶ 4. Officers confirmed the fire, which caused thousands of dollars of damage. *Id.* They obtained surveillance video from a nearby store, which showed Mr. Coble stealing the rifle. *Id.* at ¶ 5. Mr. Coble's girlfriend eventually told law enforcement that Mr.

---

[1] Under North Carolina law, larceny of an item worth more than $1,000 is a Class H felony. N.C. Gen. Stat. § 14–72(a) & (b); *see State v. Sheppard*, 228 N.C. App. 266, 270–71, 744 S.E.2d 149, 152–53 (2013).

[2] The Court adopted the presentence report, Doc. 21, with changes to one factual matter not relevant here. Doc. 25.

Case 1:18-cr-00203-CCE   Document 51   Filed 12/07/21   Page 2 of 15

Coble sold the firearm in exchange for cocaine, and law enforcement located the gun with the person the girlfriend identified as the seller of the cocaine. *Id.* at ¶¶ 7, 10. Data from Mr. Coble's cell phone confirmed his contact with the cocaine dealer around the time of the larceny. *Id.* at ¶¶ 6-7.

As a result of these events, a federal grand jury returned a three-count indictment against Mr. Coble. Count One charged possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), Count Two charged possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and Count Three charged possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Doc. 1.

In July 2018, Mr. Coble pled guilty to possession of a firearm by a felon pursuant to a plea agreement. Minute Entry 07/13/2018; Doc. 14. Among other promises, the government agreed not to oppose dismissal of the stolen firearm charge and the § 924(c) drug-related firearm charge in exchange for the guilty plea, and in return Mr. Coble waived direct appeal rights and collateral attacks under § 2255 except under limited circumstances such as ineffective assistance of counsel. Doc. 14 at ¶ 5(f).

At the Rule 11 hearing, Mr. Coble testified under oath that he read and signed the plea agreement. Doc. 37 at 9. In summarizing the plea agreement, his attorney confirmed that Mr. Coble was limiting his appeal and post-conviction rights, and Mr. Coble agreed the summary was accurate. *Id.* at 11. Later, the Court reminded Mr. Coble that he was limiting his appeal and post-conviction rights and would only be able to challenge his sentence or conviction for the reasons outlined in paragraph 5(f) of his plea agreement. *Id.* at 17. Mr. Coble testified he had no questions about the waiver. *Id.*

3

Mr. Coble also reviewed the factual basis and did not object to it. *Id.* at 18. The factual basis included facts showing that he knew he had been convicted of stealing the same firearm in 2017, that he knew he was again in possession of a stolen firearm in 2018, and that he had traded the firearm for cocaine. Doc. 13 at 4–6.

When calculating the guideline range at his sentencing hearing, the Court gave Mr. Coble a three-level decrease in offense level for acceptance of responsibility. Doc. 21 at ¶¶ 26–27; Doc. 25. The Court sentenced Mr. Coble to 63 months in prison followed by three years of supervised release. Minute Entry 11/14/2018; Doc. 24. Consistent with the plea agreement, the Court also dismissed the stolen firearm and the drug-related firearm charges in Counts Two and Three of the indictment. *See* Doc. 24 at 1. Mr. Coble did not appeal.

The following year the Supreme Court decided *Rehaif*, holding that in prosecutions under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Shortly thereafter, Mr. Coble sought vacatur of his conviction in reliance on *Rehaif*. Doc. 30. The Court appointed counsel to represent Mr. Coble in connection with his § 2255 motion, Text Order 04/15/2020, and held the case in abeyance pending resolution of a potentially outcome determinative appellate case. Docs. 32, 36. After those decisions, the Court allowed additional briefing, Text Orders 06/30/2021 & 10/28/21, which is now complete.

Mr. Coble advances two main arguments. First, he attacks the voluntariness of his guilty plea by asserting that he did not understand all the elements of the offense when he

4

pled guilty because he did not have notice of the *Rehaif* mens rea element for the felon in possession of a firearm offense. Doc. 28 at 5. Second, he asserts ineffective assistance of counsel because of counsel's failure to raise the *Rehaif* issue during proceedings before the district court and the failure to advise an appeal on *Rehaif* grounds. Doc. 48 at 3.

## II. *Rehaif* and *Greer*

In *Rehaif*, the defendant was charged with possession of a firearm by a prohibited person as an alien unlawfully in the United States, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). 139 S. Ct. at 2194. At the close of Mr. Rehaif's trial, the judge instructed the jury, over Mr. Rehaif's objection, that the "United States is not required to prove" that Mr. Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* The jury returned a guilty verdict, and Mr. Rehaif appealed, arguing that the judge erred in instructing the jury that it did not need to find that he knew he was in the country unlawfully. *Id.* at 2194–95. The Supreme Court agreed, holding that it is an element of the offense that the defendant has knowledge of the facts that give rise to their status as a person barred from possessing a firearm. *Id.* at 2200.

*Rehaif* had wide-ranging implications, as § 922(g) also prohibits possession of a firearm by many other categories of persons. One of these categories is a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), in other words, a convicted felon.

Defendants convicted under § 922(g) before the Supreme Court's decision in *Rehaif* soon raised similar challenges. The issue of knowledge of felony status or *mens rea* came then before the Supreme Court in two cases where the defendants convicted of

5

possession of a firearm by a felon had not challenged the knowledge element in the district court. *See Greer v. United States,* 141 S. Ct. 2090 (2021). At Mr. Greer's trial, he did not request, and the court did not give, a jury instruction that the government must prove beyond a reasonable doubt that Mr. Greer knew he was a felon when he possessed the firearm. *Id.* at 2096. Mr. Gary pled guilty to two counts of § 922(g)(1) without being told that if he went to trial, the government would have to prove Mr. Gary knew he was a felon as an element of the offense. *Id.* Each defendant challenged his conviction on direct appeal. *Id.* The Eleventh Circuit applied plain-error review and rejected Mr. Greer's request for a new trial, while the Fourth Circuit found in favor of Mr. Gary and reversed his conviction for structural error caused by the failure to inform Mr. Gary of the knowledge element of § 922(g). *Id.*

On review, the Supreme Court held, as is relevant here, that when the defendant did not challenge the *mens rea* element before the trial court, the plain-error test applied and that "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. To establish eligibility for plain-error relief, a defendant must show, *inter alia*, that the error "affect[s] substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (cleaned up).

The Court rejected Mr. Gary's argument that omission during the plea colloquy of the element that he must have known he was a felon at the time of the offense was

Case 1:18-cr-00203-CCE   Document 51   Filed 12/07/21   Page 6 of 15

structural error subject to automatic reversal on appeal. *Id.* at 2099–100. "[D]iscrete defects in the criminal process—such as the omission of a single element from jury instructions—are not structural because they do not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Id.* at 2100 (cleaned up). Because omission of the *mens rea* element from the plea colloquy does "not affect the entire framework within which the proceeding occur[ed]," automatic reversal is not required. *Id.* Instead, it is an error calling for application of the plain-error test. *Id.* To satisfy the substantial rights prong of the plain-error test, defendants who pled guilty must show there is a reasonable probability that absent the *Rehaif* error, they would have gone to trial rather than plead guilty. *Id.* at 2097–98.

## III. Discussion

A felon for § 922(g)(1) purposes is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Under *Rehaif*, it is an element of the crime that the defendant have knowledge he had been convicted of a crime punishable by imprisonment for over a year. 139 S. Ct. at 2200. Mr. Coble's conviction for possession of a firearm by a felon was based on his 2017 state conviction for felony larceny. *See* Doc. 13 at 7. It is undisputed that that this is a crime punishable by imprisonment for a term exceeding one year and that this crime is in fact a felony under federal law. [3]

---

[3] North Carolina felony larceny is a Class H felony and while the specific maximum a defendant faces depends on that defendant's criminal history level, *see generally United States v. Barlow*, 811 F.3d 133, 137 (4th Cir. 2015), even a defendant with no criminal history is subject

7

### A. Procedural Default of Error in Plea Colloquy

*Greer* identifies plain error as the test for a *Rehaif* error on direct appeal, 141 S. Ct. at 2100, but the plain error standard is not appropriate for review of habeas petitions. *United States v. Frady*, 456 U.S. 152, 166 (1982). Use of the plain error standard to review a § 2255 motion is contrary to long-established law, and it is well-settled "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Frady*, 456 U.S. 166–68.

Generally, a defendant is precluded from later raising claims that could have been raised at trial or on direct appeal, *see id.* at 167–68, and habeas review is an extraordinary remedy that is no substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998). The procedural-default rule serves important interests, including conservation of judicial resources and the finality of judgments, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), the latter having particular force when a conviction is based on a guilty plea. *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

A defendant's claim is procedurally defaulted and subject to dismissal if the claim could have been made on direct appeal but is raised for the first time in post-conviction proceedings. *See Bousley*, 523 U.S. at 621. To overcome procedural default, the

---

to a sentence of up to 17 months in prison, absent aggravating factors. *See* N.C. Felony Punishment Chart for Offenses Committed after 10/1/13, https://www.nccourts.gov/assets/documents/publications/FelonyChart_1013MaxChart.pdf?JOZL dcExFM1TmlzHLiPcH7dUcMjQ8Ls7. Someone with Mr. Coble's record is subject to a sentence of up to 19 months in prison. *See id.* Indeed, since a change in the law a decade ago, all crimes denominated as felonies under North Carolina law are felonies for purposes of federal law. *Barlow*, 811 F.3d 133, 140 (noting "North Carolina law now exposes felons to terms of imprisonment exceeding one year").

8

defendant must show a "fundamental miscarriage of justice," *see McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013), demonstrated by either a showing of actual innocence or by showing both cause for the default and actual prejudice from the asserted error. *Bousley*, 523 U.S. at 622; *see also Davis v. United States*, 411 U.S. 233, 243–45 (1973).

Mr. Coble attacks the voluntariness of his guilty plea by asserting that he did not understand all the elements of the offense when he pled guilty because his indictment failed to give him real notice of the felon in possession of a firearm offense through omission of the *Rehaif* element, Doc. 28 at 5, and he was not otherwise told about this element. Doc. 48-1. But this claim is procedurally defaulted.

### 1. Actual Innocence Following a Guilty Plea

Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. "In cases where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must extend also to those charges." *Id.* at 624. And the government is permitted to introduce any admissible evidence of the defendant's guilt even if that evidence was not presented during the plea colloquy. *Id.* The defendant bears the burden of establishing that, in light of all the evidence available, it is more likely than not that no reasonable juror would have convicted him of any charge. *Id.* at 623.

Mr. Coble claims that he is actually innocent of the possession of a firearm by a felon charge because he did not know he was a felon when he possessed the firearm. Doc. 48 at 4. Putting aside the sufficiency of his evidence on this narrow point, proving actual innocence of one charge is not enough for him to obtain relief. Mr. Coble must

9

show actual innocence as to all his original charges, including possession of a stolen firearm and possession of a firearm in furtherance of a drug trafficking crime—the charges dismissed in exchange for his guilty plea. *See Bousley*, 523 U.S. at 624.

The undisputed evidence shows that he was guilty of both dismissed charges. Mr. Coble himself stole the firearm so he knew it was stolen. He was seen by at least two witnesses in physical possession of the firearm, he traded the firearm for cocaine, and the firearm was recovered from the person to whom Mr. Coble traded it. Doc. 21 at ¶¶ 4–12. Besides witness testimony, the government had an incriminating text, and a video of Mr. Coble in possession of what appeared to be the firearm. *Id.* Mr. Coble did not object to these facts in the Pre-Sentence Report, *id.* at 25, nor has he presented evidence contrary to these facts.

To show actual innocence, Mr. Coble must show it is more likely than not that no reasonable juror would have convicted him of any charge. *See Bousley*, 523 U.S. at 623–24. On the uncontroverted record as to the two dismissed charges, the Court finds Mr. Coble has not shown actual innocence.

### 2. Cause and Actual Prejudice

Even if he is not actually innocent, a defendant can obtain relief if he shows good cause and actual prejudice. *See discussion infra*. To demonstrate actual prejudice, the defendant must show the error "worked to his actual and substantial disadvantage" and was of a constitutional dimension. *Frady*, 456 U.S. at 170; *see also Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021). The "actual prejudice" inquiry focuses on "the errors of which [the defendant] complains," *Frady*, 456 U.S. at 168, and whether

10

he can establish "actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). To demonstrate actual prejudice on collateral review of a guilty plea, the defendant must show more than an error during his plea colloquy. *See, e.g., United States v. Cannady*, 283 F.3d 641, 647–48 (4th Cir. 2002). He must "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Here, the error was that Mr. Coble was not informed that it was an element of the offense of possession of a firearm by a felon that he had knowledge he was a felon as required by *Rehaif*. As noted, a felon for § 922(g) purposes is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mr. Coble filed a declaration under oath in which he testifies that he did not know he had been convicted of a crime punishable by imprisonment for more than one year because the actual punishment he received was probation. Doc. 48-1 at ¶¶ 8–9, 11. He also testifies that had he known of this *Rehaif* element, he would not have pled guilty and would have presented unspecified evidence of his innocence. *Id.* at ¶¶ 13–14.

Mr. Coble's evidence is insufficient to show a reasonable probability that without the *Rehaif* error he would have gone to trial. *See Dominguez Benitez*, 542 U.S. at 76. First, his evidence that he did not know he had been convicted of a felony is extremely weak. While it is true that he received probation and it appears he had never had a probationary sentence revoked, Doc. 49 at 28, 30, he did sign a state court probation violation report in April 2017 in which he was accused of unlawfully possessing

11

ammunition based on his status as "a convicted felon, and on probation at the time of the offense." *Id.* at 27–29. The word "felony" appeared throughout the papers involved in his predicate felony case: the indictment, the plea transcript, and the judgment. *Id.* at 2, 7, 11, 13–15. And when he pled guilty to the predicate felony in 2017, he acknowledged that the maximum punishment for this crime was 39 months, *id.* at 14, well above a year

His evidence that he would have gone to trial is weaker still. Had he gone to trial, he would have faced all three charges and he has offered no defense to the other charges. The evidence of his guilt of possession of a stolen firearm was overwhelming, and it carries the same penalty as possession of a firearm by a felon. *See* 18 U.S.C. § 922(j), 18 U.S.C. § 924(a)(2). The evidence of guilt on the drug-related firearm charge was also substantial, and that crime carries a consecutive five-year mandatory minimum sentence. 18 U.S.C. § 924(c)(1)(A)(i). And if he went to trial and was convicted, he would have lost another substantial benefit: acceptance of responsibility under the sentencing guidelines. *See, e.g.*, *United States v. Sumter*, No. 3:02-CR-00499-CMC, 2021 WL 3173176, at *11 (D.S.C. July 27, 2021).

It is highly doubtful that Mr. Coble would have accepted the substantial risk of a longer prison sentence on other crimes even if he had known of the *Rehaif* element. Mr. Coble has not shown a reasonable probability that without the *Rehaif* error he would have gone to trial. *Dominguez Benitez*, 542 U.S. at 76; *see, e.g.*, *United States v. Heard*, No. 1:13-CR-40-TWT, 2021 WL 4205664, at *1 (N.D. Ga. Sept. 16, 2021) (when evidence to the contrary is overwhelming, a defendant's "mere assertion" he would have gone to trial is insufficient to establish a "reasonable probability" he would have gone to trial). The

overwhelming evidence supporting these dismissed charges "negate[s] any reasonable possibility of actual prejudice." *Richardson,* 3 F.4th at 701 n. 8. His guilty plea was a waiver of any defect in the indictment. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973).

## B. Ineffective Assistance of Counsel and *Rehaif*

Mr. Coble contends that his lawyer provided ineffective assistance by failing to raise the *Rehaif* issue before Mr. Coble's conviction and for failing to advise Mr. Coble to appeal on *Rehaif* grounds. Doc. 48 at 3. This claim is not procedurally defaulted. *Massaro,* 538 U.S. at 503–04 (holding that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, even if the petitioner could have raised the claim on direct appeal.). To succeed on a claim of ineffective assistance of counsel a defendant must show, among other things, that counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984), "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne,* 878 F.3d 458, 466 (4th Cir. 2017).

The Court assumes that defense counsel did not tell Mr. Coble about the *Rehaif* element or advise Mr. Coble to appeal on that basis. But it is undisputed that trial counsel advised Mr. Coble correctly under the law at the time. *See United States v. Langley,* 62 F.3d 602, 604–06 (4th Cir. 1995), *abrogated by Rehaif,* 139 S. Ct. 2191. Mr. Coble has not asserted that he gave counsel unequivocal instructions to file a direct appeal, *see United States v. Poindexter,* 492 F.3d 263, 269 (4th Cir. 2007), and his plea agreement explicitly waived his direct appeal rights except for circumstances not asserted

13

here. Doc. 14 at ¶ 5(f). Failure to raise novel arguments before the district court or on appeal that are unsupported by then-existing precedent or to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019).

It was not ineffective assistance in 2018 to fail to advise Mr. Coble about the *Rehaif* element or to fail to raise the *Rehaif* element in proceedings before the District Court. *See Carthorne*, 878 F.3d at 466. It was not ineffective assistance to fail to advise Mr. Coble to file an appeal when an appeal was not supported by existing precedent and there was an appeal waiver. Nor was it ineffective assistance to fail to file an appeal when there is no evidence the defendant instructed counsel to do so. *See, e.g.*, *Johnson v. United States*, No. 1:11CR359-2, 2015 WL 5130529, at *3–4 (M.D.N.C. Sept. 1, 2015); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 479–80 (2000).

## IV. Conclusion

When Mr. Coble knowingly possessed a firearm in 2018, he knew that he was on probation for a previous felony. When he pled guilty to possession of a firearm by a felon, he knew that his plea agreement required dismissal of two other charges, possession of a stolen firearm and possession of a firearm in furtherance of a drug trafficking crime. And he knew that the government had overwhelming evidence of his possession of a stolen firearm and strong evidence of a drug trafficking crime with a mandatory consecutive sentence. When he pled guilty, he received the benefit of a favorable plea agreement. He has not shown that his guilty plea to possession of a

14

firearm by a felon resulted in a fundamental miscarriage of justice. The motion to vacate will be denied.

It is **ORDERED** that the petitioner's motion to vacate, set aside or correct sentence, Doc. 28 is **DENIED.**

This the 7th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

Case 1:18-cr-00203-CCE   Document 51   Filed 12/07/21   Page 15 of 15